IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATACHA ALEXANDRE | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:24-cv-7117 |
| v. | ) | |
| | ) | |
| MIDEA AMERICA CORP, MIDEA USA INC., | ) | |
| WAL-MART INC., and | ) | |
| AMAZON.COM SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, NATACHA ALEXANDRE, by and through undersigned counsel, sues Defendants, MIDEA AMERICA CORP, MIDEA USA INC., WAL-MART INC., and AMAZON.COM SERVICES, LLC, and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. That Court has jurisdiction over the subject matter presented by this Complaint pursuant to 28 U.S.C. 1332 (a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between the parties.

2. That at all material times to this Complaint, Plaintiff, NATACHA ALEXANDRE, was a citizen and resident of Taunton, MA.

3. That at all times material hereto, Defendant Midea America Corp ("MIDEA CORP") is a foreign profit corporation in the State of New Jersey and has a principal place of business located at 300 Kimball Dr, Suite 201, Parsippany, NJ, 07054.

4. Defendant MIDEA CORP is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to

1

persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

5. Defendant Midea USA, Inc. ("MIDEA USA") is a foreign profit corporation in the State of New Jersey and has a principal place of business located at 4 Campus Dr 1S, Parsippany, New Jersey 07054.

6. Defendant MIDEA USA is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

7. Defendant Wal-Mart Inc. ("WALMART") is a foreign profit corporation incorporated in the State of Delaware and has a principal place of business located at 702 SW 8th St., Bentonville, Arkansas 72716.

8. Defendant WALMART is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

9. Defendant AMAZON.COM SERVICES, LLC ("AMAZON") is a foreign limited liability company incorporated in the State of Delaware and has a principal place of business located at 410 Terry Avenue North Seattle, WA 98109.

10. Defendant AMAZON is subject to the jurisdiction of this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to

persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

11.     Venue is proper under 28 U.S.C. § 1391 in that Defendants, MIDEA CORP and MIDEA USA reside within the District of New Jersey's jurisdiction and Defendants AMAZON and WALMART have availed themselves to this Court because it operates, conducts, engages in, or carries on a business or business venture within this State; caused injury to persons or property arising out of an act or omission it committed in the State; manufactures, processes or services products or materials which are used within this State in the ordinary course of commerce, trade, or use; or engages in substantial and not isolated activity within this State.

## NATURE OF ACTION

12.     On or about July 10, 2023, Plaintiff, NATACHA ALEXANDRE, was in lawful possession of a Farberware FPC400 ("Pressure Cooker").

13.     Upon information and belief, at all relevant times, Defendants, WALMART and/or MIDEA CORP and/or MIDEA USA and/or AMAZON was (and is) actively involved in the design, manufacture, marketing, import, distribution, and sale of consumer products, including the PRESSURE COOKER.

14.     Upon information and belief, at all relevant times, Defendants, WALMART and/or MIDEA CORP and/or MIDEA USA and/or AMAZON tested and inspected the Pressure Cooker in order to ensure that it was free from defects and safe for consumer use.

15.     The Pressure Cooker is a kitchen appliance designed to be used for efficient preparation of food. The product is designed to prepare meals by cooking liquids inside a pot that produces steam, which is trapped inside of the Pressure Cooker to create pressure. The resulting temperatures produced

3

are expected to cook meals more efficiently, while allegedly maintaining more nutrients than conventional cooking methods.

16.     On or about July 10, 2023, Plaintiff was using the Pressure Cooker and followed instructions enclosed with the Pressure Cooker.

17.     While using the Pressure Cooker to prepare a meal, it suddenly and without warning exploded, causing scalding hot liquid, contents, and steam to fly out of the Pressure Cooker and onto Plaintiff.

18.     The Pressure Cooker had not been misused and had not been modified post-sale before it failed.

19.     As a direct and proximate result of the explosion of the Pressure Cooker and the expulsion of scalding contents therefrom, Plaintiff suffered severely painful and disfiguring burns to her chest, abdomen and body, resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment. The injuries are either permanent or continuing in nature, and Plaintiff will suffer the losses and impairment in the future.

**COUNT I – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST MIDEA CORP (NATACHA ALEXANDRE)**

20.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

21.     At all relevant times, Defendant was in the business of engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling pressure cookers the same, or substantially similar to, the pressure cookers at issue in this litigation.

22.     The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

23.     The Pressure Cooker had not been misused post-sale before it failed.

24. The Pressure Cooker was within its anticipated useful life when it failed.

25. The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

26. Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

27. Under the New Jersey Products Liability Act, Defendant is liable to Plaintiff for her injuries and damages for manufacturing, designing, distributing and selling pressure cookers the same, or substantially similar to the subject pressure cooker that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject pressure cooker did not conform the all implied and express warranties made by Defendant.

28. That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

29. Therefore, Defendant is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, NATACHA ALEXANDRE, demands judgment against Defendant, MIDEA CORP, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

## COUNT II – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J.

**Stat. § 2A:58C-1 et. seq. AGAINST MIDEA USA**
**(NATACHA ALEXANDRE)**

30. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

31. At all relevant times, Defendant was in the business of engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling pressure cookers the same, or substantially similar to, the pressure cookers at issue in this litigation.

32. The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

33. The Pressure Cooker had not been misused post-sale before it failed.

34. The Pressure Cooker was within its anticipated useful life when it failed.

35. The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

36. Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

    a. it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

    b. a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

37. Under the New Jersey Products Liability Act, Defendant is liable to Plaintiff for her injuries and damages for manufacturing, designing, distributing and selling pressure cookers the same, or substantially similar to the subject pressure cooker that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject pressure cooker did not conform the all implied and express warranties made by Defendant.

38.    That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

39.    Therefore, Defendant is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, NATACHA ALEXANDRE, demands judgment against Defendant, MIDEA USA, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT III – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST WALMART (NATACHA ALEXANDRE)

40.    Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

41.    At all relevant times, Defendant was in the business of engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling pressure cookers the same, or substantially similar to, the pressure cookers at issue in this litigation.

42.    The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

43.    The Pressure Cooker had not been misused post-sale before it failed.

44.    The Pressure Cooker was within its anticipated useful life when it failed.

45.    The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

46.    Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

    a.    it was dangerous to an extent beyond that which would be contemplated by the

ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.      a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

47.     Under the New Jersey Products Liability Act, Defendant is liable to Plaintiff for her injuries and damages for manufacturing, designing, distributing and selling pressure cookers the same, or substantially similar to the subject pressure cooker that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject pressure cooker did not conform the all implied and express warranties made by Defendant.

48.     That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

49.     Therefore, Defendant is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, NATACHA ALEXANDRE, demands judgment against Defendant, WALMART, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

### COUNT I – VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT N.J. Stat. § 2A:58C-1 et. seq. AGAINST AMAZON (NATACHA ALEXANDRE)

50.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-19 as if fully set forth herein.

51.     At all relevant times, Defendant was in the business of engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling pressure cookers the same,

or substantially similar to, the pressure cookers at issue in this litigation.

52.    The Pressure Cooker failed to perform in a manner reasonably expected in light of its nature and intended function when it failed and caused severe injuries.

53.    The Pressure Cooker had not been misused post-sale before it failed.

54.    The Pressure Cooker was within its anticipated useful life when it failed.

55.    The Pressure Cooker failure was such that would not have occurred in the absence of a defect or unreasonably dangerous condition within it.

56.    Specifically, the Pressure Cooker was unreasonably dangerous and/or defective in that:

a.    it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases and/or uses it, with the ordinary knowledge common to the community as to its characteristics; and/or

b.    a reasonably prudent manufacturer would not have put it on the market assuming that manufacturer knew of its dangerous condition.

57.    Under the New Jersey Products Liability Act, Defendant is liable to Plaintiff for her injuries and damages for manufacturing, designing, distributing and selling pressure cookers the same, or substantially similar to the subject pressure cooker that was unreasonably dangerous in construction, design, inadequate warnings, and/or because the subject pressure cooker did not conform the all implied and express warranties made by Defendant.

58.    That unreasonably dangerous condition and/or defect proximately caused severely painful and disfiguring burns and other injury to Plaintiff, and resulting pain and suffering, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical and nursing care and treatment.

59.    Therefore, Defendant is liable to Plaintiff for the aforementioned injuries caused by the defective Pressure Cooker.

**WHEREFORE**, Plaintiff, NATACHA ALEXANDRE, demands judgment against Defendant, AMAZON, for compensatory damages, court costs, and such other and additional relief as this Court may deem appropriate.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a jury trial for all issues so triable.

**PRAYER FOR RELIEF**

Plaintiff demands judgment against all Defendant for both causes of action, seeking compensatory damages, interest, attorneys' fees, costs of suit, and any such other relief as the Court deems just and proper.

Signed on 6/20/2024.

**LAW OFFICES OF JASON TURCHIN**
Attorney for Plaintiff
2883 Executive Park Drive, Ste. 103
Weston, FL 33331
Telephone:     954-659-1605 x 222
Facsimile:     954-659-1380
Email: jason@victimaid.com

By: */s/ Jason Turchin, Esq.*
JASON TURCHIN, ESQ.
NJ Attorney ID No. 274822018